# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

### CASE NO.:  1:18-cv-03462-GLR

LICKERISH, LTD. ET AL.,

      Plaintiffss,

v.

GUNAXIN MEDIA LLC,

      Defendant.

### MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**I.      INTRODUCTION**

This motion concerns a case of multiple instances of copyright infringement by GUNAXIN MEDIA, LLC ("Gunaxin" or "Defendant"), of 29 photographs owned by Plaintiffs of Plaintiffs, Lickerish, LTD ("Lickerish"), Willy Camden ("Camden"), Stepan Wurth ("Wurth"), Christopher Lane ("Lane"), Damea Dorsey ("Dorsey"), Zach Ramsey ("Ramsey"), and Joey Wright ("Wright") (collectively "Plaintiffs"). Gunaxin has been well aware of this action and yet refused to defend itself in it.  Through Gunaxin's refusal to cooperate, Plaintiffs' ability to determine the true scope of the infringement and damages, and to stop future infringement has been thwarted.

In 2015-2016, Plaintiffs discovered that Gunaxin, a self-described online "men's lifestyle magazine" had published numerous photographs owned by Plaintiffs and syndicated by Lickerish without authorization.  Plaintiffs is not sure of the initial posting dates, how many

people viewed the images, and how much Gunaxin profited from the unauthorized use of the images. Had Gunaxin participated in this litigation, Plaintiffs would have discovered this essential information.

As a result of Gunaxin's utter disregard for the judicial system, Plaintiffs now move this Court to enter default judgment against Gunaxin in the amount of $543,822.66, in the form of $300,000 in statutory damages, $237,500 in actual damages, attorneys' fees in the amount of $5,610.00 and costs in the amount of $712.66.

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiffs are the owners or exclusive rights holders of 29 exclusive celebrity photographs that are the subject of this litigation and shown in spreadsheet attached to the Complaint as Exhibit 1(The "Works"). (Complaint, ¶¶ 16-17, Ex. 1) The Works are also summarized in the spreadsheet below.  For ease of reference, the individual photographs will be referenced by the corresponding number (1-29) in the below spreadsheet (which also corresponds with the numbering in the spreadsheet of Exhibit 1 of the Complaint). Plaintiffs at all relevant times were the owners of the Copyrighted Works at issue in this case. (Complaint, ¶ 18).

|   | **Photo Title** | **Registration Number** | **Registration Date** |
|---|---|---|---|
| 1 | Anna_Kournikova_012.jpg | VA 1-979-864 | 06 Aug 2015 |
| 2 | 3Y4O0063 | VA 2-046-371 | 10 May 2017 |
| 3 | 3Y4O0102 | VA 2-046-371 | 10 May 2017 |
| 4 | 680 | VA 2-046-371 | 10 May 2017 |
| 5 | 3Y4O0125 | VA 2-046-371 | 10 May 2017 |
| 6 | DD_20081203_Hawaii_0690 | VA 2-046-371 | 10 May 2017 |
| 7 | IMG_9688 | VA 2-048-407 | 19 Apr 2017 |

|    | **Photo Title**          | **Registration Number** | **Registration Date** |
|----|--------------------------|-------------------------|-----------------------|
| 8  | AS01-005-001.jpg         | VA 2-044-629            | 03 May 2017           |
| 9  | AS01-005-003.jpg         | VA 2-044-629            | 03 May 2017           |
| 10 | AS01-005-004.jpg         | VA 2-044-629            | 03 May 2017           |
| 11 | AS01-005-005.jpg         | VA 2-044-629            | 03 May 2017           |
| 12 | AS01-005-007.jpg         | VA 2-044-629            | 03 May 2017           |
| 13 | AS01-005-009.jpg         | VA 2-044-629            | 03 May 2017           |
| 14 | AS01-005-010.jpg         | VA 2-044-629            | 03 May 2017           |
| 15 | AS01-005-011.jpg         | VA 2-044-629            | 03 May 2017           |
| 16 | AS01-005-012.jpg         | VA 2-044-629            | 03 May 2017           |
| 17 | AS01-005-013.jpg         | VA 2-044-626            | 03 May 2017           |
| 18 | AS01-005-014.jpg         | VA 2-044-626            | 03 May 2017           |
| 19 | Brooke_Burke_(7).jpg     | VA 2-020-374            | 13 Sept 2016          |
| 20 | Carmen_Electra_(31).jpg  | VA 1-823-031            | 26 Jun 2012           |
| 21 | Carmen_Electra_(33).jpg  | VA 1-823-031            | 26 Jun 2012           |
| 22 | CL-MK-12001015.jpg       | VA 1-833-167            | 28 Jun 2012           |
| 23 | CLOSE_G.jpg              | VA 1-823-023            | 18 Jun 2012           |
| 24 | image010.jpg             | VA 1-823-023            | 19 Jun 2012           |
| 25 | mila_7-0108.jpg          | VA 1-833-167            | 29 Jun 2012           |
| 26 | Mila_Kunis_002.jpg       | VA 1-833-167            | 29 Jun 2012           |
| 27 | Mila_Kunis_006.jpg       | VA 1-833-167            | 29 Jun 2012           |
| 28 | Mila_Kunis_012.jpg       | VA 1-833-167            | 29 Jun 2012           |
| 29 | Mila_Kunis_017.jpg       | VA 1-833-167            | 29 Jun 2012           |

Lickerish is a high quality photographic syndication company that provides images to media and communication entities. Through its extensive library of pictures of celebrities and models taken by internationally renowned photographers (including the individual Plaintiffs in this matter), Lickerish has developed a large worldwide clientele. (Complaint, ¶ 18). The remaining individual Plaintiffs are world-class celebrity Photographers whose work has been featured in some of the largest international lifestyle publications in the world, such as GQ, Vogue, Maxim, Esquire, Mens Fitness, Mens Health, Fortune and many more. Plaintiffs' work has also been featured in major global advertising campaigns. (See generally, Complaint, ¶¶ 9-14).

Wurth created one (1) exclusive photograph of celebrity Anna Kournikova (No. 1). Lickerish registered the photograph with the Register of Copyrights on August 6, 2015 and was assigned registration number VA 1-979-864. (Declaration of Emma Carlsen ("Carlson Decl.") ¶ 12, Ex. 2)

Dorsey created five (5) exclusive photographs of celebrity Alana Blanchard (Nos. 2-6). Dorsey caused the works to be registered with the Register of Copyrights on May 10, 2017, and was assigned registration numbers VA 2-046-371. (Carlson Decl., ¶ 13, Ex. 2)

Ramsey created one (1) exclusive photograph of celebrity Charlotte McKinney (No. 7). Ramsey caused the works to be registered with the Register of Copyrights on April 19, 2017, and was assigned registration numbers VA 2-048-407. (Carlson Decl., ¶ 14, Ex. 2)

Wright created eleven (11) exclusive photographs of celebrity Charlotte McKinney (Nos. 8-18). Wright caused the works to be registered with the Register of Copyrights on May 3, 2017, and was assigned registration numbers VA 2-044-626 (Nos. 8-16) and VA 2-044-626 (Nos. 17-18). (Carlson Decl., ¶ 15, Ex. 2).

Camden created one (1) exclusive photograph of celebrity Brooke Burke (No. 19). Lickerish registered the photographs with the Register of Copyrights on September 13, 2016 and was assigned registration number VA 2-020-374. (Carlson Decl., ¶ 16, Ex. 2)

Camden also created two (2) exclusive photographs of celebrity Carmen Electra (Nos. 20 and 21). Lickerish registered the photographs with the Register of Copyrights on June 26, 2012 and was assigned registration number VA 1-823-031. (Carlson Decl., ¶ 17, Ex. 2)

Camden also created two (2) exclusive photographs of celebrity Katherine Heigl (Nos. 23 and 24). Lickerish registered the photographs with the Register of Copyrights on June 19, 2012 and was assigned registration number VA 1-823-023. (Carlson Decl., ¶ 18, Ex. 2)

Lane created six (6) exclusive photographs of celebrity Mila Kunis (Nos. 22 and 25-29). Lickerish registered the Work with the Register of Copyrights on June 29, 2012 and was assigned registration number VA 1-833-167. (Carlson Decl., ¶ 19, Ex. 2)

On a date after the Copyrighted Works at issue were created, but prior to the filing of this action, Defendant copied the Copyrighted Works. (Complaint ¶ 20). Lickersish, as either the owner or syndicate of the Works, discovered at various times in or around 2016 and 2017 that Defendant was infringing Plaintiffs' Copyrighted Works by reproducing, publicly displaying and distributing the Copyrighted Works without Plaintiffs' authorization or permission, and for the commercial purpose of promoting its services at the following website URL: http://www.gunaxin.com; (hereinafter, the "Infringing Works"). (Carlson Decl., ¶ 24). Defendant created, displayed and used the Infringing Works for the commercial purposes of promoting its website and attracting views ("Clicks") to its website to generate advertising revenue. (Complaint ¶¶ 2-3).

On February 1, 2018 and March 29, 2018, Plaintiffs notified Gunaxin of the allegations set forth herein. (Complaint ¶ 27) Defendant never responded or made any overture to compensate Plaintiffs for Defendant's use of the Copyrighted Works. (*Id.*).

## III.     DEFAULT JUDGMENT IS PROCEDURALLY PROPER.

On February 1, 2019, Gunaxin was served with the Summons and a copy of the Complaint by personal service, by serving the Maryland State Department of Assessments and Taxation pursuant to Rule 2-124 of the Maryland Rules of Civil Procedure, at 301 West Preston Street, Baltimore, Maryland, 21201.  (DE 12; Declaration of Joel B. Rothman ("Rothman Decl."), ¶ 2, Ex. A) Defendant's deadline to respond to the complaint was September 10, 2018, calculated as 21 days after service was completed on August 20, 2018. *See* Fed. R. Civ. P. 12(a). Defendant has not responded to the complaint or otherwise appeared in this matter. (Rothman Decl., ¶ 3)

Gunaxin was served Plaintiff's Motion for Clerk's Entry of Default (DE 14), and the Court's subsequent Notice of Default (DE 15 and 16) to be delivered to Defendant on February 27, 2019 at its current address for service of process in Maryland, at 1609 Highbridge Court, Hanover, MD 21076. (Rothman Decl., ¶ 4) Defendant undoubtedly received the Notice of Default and associated papers.  Defendant called Plaintiff's counsel of February 27, 2019 and left a message, but was unresponsive to return phone calls.  Additionally, Defendant's principal filed a Pro Se Motion to Vacate the Default (DE 17), which was entered on March 16, 2019, and returned by the Court as an inappropriate Pro Se filing on April 5, 2019 (DE 18).  Defendant has made no further attempts to appear in this case, or otherwise contact Plaintiffs or their counsel. (Rothman Decl., ¶ 5)

## IV.   ARGUMENT

### 1. THE COMPLAINT ESTABLISHES INFRINGEMENT OF THE COPYRIGHTED WORKS

Federal Rule of Civil Procedure 55(b) allows the Court to enter a default judgment where the defaulting party has "failed to file a responsive pleading or otherwise defend," and the clerk has entered the party's default. *See Broad. Music, Inc. v. Eatnout, LLC, 2015 U.S. Dist. LEXIS 190057* (E.D. Va. 2015); citing Fed. R. Civ. P. 55(a). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." *J & J Sports Productions, Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012) (citing *Ryan v. Homecomings Fin. Network*, 253 F. 3d 778, 780 (4th Cir. 2001); *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1141 (E.D.N.C. 1986); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."))  Here, there is proper notice and jurisdiction. Plaintiffs' factual allegations establish that Defendant infringed Plaintiffs' copyright in the Copyrighted Works in violation of 17 U.S.C. § 501.

To establish a claim for copyright infringement, a plaintiff must prove that it owned a valid copyright and that the defendant copied the original elements of that copyright. *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001) (citing *Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 143 (4th Cir. 2000). Taking Plaintiffs' allegations as true, Plaintiffs owns all exclusive rights to the Copyrighted Works. (Complaint, ¶ 17)[1]. The Complaint attaches a copy of the registration issued by the Copyright Office for photographic images created by Plaintiffs, including the Copyrighted Works. (Complaint, ¶¶ 16-

---

[1] Courts have consistently held that registration is prima facie evidence of the validity of a copyright., under *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)

17, Exs 1 and 2.  Further, the Complaint presents direct evidence of Defendant's violations of Plaintiffs' exclusive right to reproduce, display, and distribute the Copyrighted Works by, without Plaintiffs' permission, copying, reproducing, distributing, and publicly displaying the Copyrighted Works. (Complaint, ¶¶ 19-23, Ex. 3). Accordingly, Plaintiffs have established direct copyright infringement of the 29 Works by Gunaxin.

        2.    **PLAINTIFFS ARE ENTITLED TO DAMAGES TOTALING $537,500 FOR INFRINGEMENT OF THE 29 WORKS AT ISSUE**

Plaintiffs is entitled to an award of damages for Defendant's infringement of Plaintiffs' exclusive rights in the Copyrighted Works, and enhancement of his statutory award based upon the willfulness of such infringement.  A successful copyright infringement Plaintiffs is entitled to choose whether he will seek an award of actual or statutory damages. 17 U.S.C. § 504(a). Because Defendant has refused to appear and subject itself to discovery, Plaintiffs is not in a position to seek an award of damages based on the profits Defendant has unlawfully obtained through its infringement.  Accordingly, Plaintiffs seek an award of actual damages as measured by the Fair Market Value of the Works as well as any resultant harm caused Plaintiffs, and statutory damages for Defendant's willful infringement of Plaintiffs' timely registered Copyrighted Works.

        A.    *Plaintiffs Lickerish, Worth, Dorsey, Ramsey, Wright and Camden are Entitled to Actual Damages of $237,500 for 19 Works Infringed by Gunaxin.*

Had Gunaxin requested license to reproduce and display the copyrighted Work on its website, Lickerish would have charged at least $500 per year for use of the Work for a rights managed non-exclusive license. (Carlsen Decl. ¶ 27).  The original dates cannot be ascertained due to Gunaxin's failure to participate in this dispute, but Plaintiff's estimate an average five-year publication period for the Works. (*Id*.).  Accordingly, for the five year average that each of

8

the Work were used by Gunaxin, Lickerish estimates a license fee of $2,500 per photograph. (*Id*.).

Licensing fees alone do not take into contemplation the scarcity and lost value of the photographs, which also increases its value in this case.  Scarce images typically demand a much higher fee than common images, and in this case. The Copyrighted Works have lost significant value to their scarcity by the widespread and continuing dissemination resulting from Defendant's infringement. (Carlsen Decl. ¶¶ 28-30).

The ability of Gunaxin to reproduce, modify, distribute and display copies of the copyrighted Work for their own commercial benefit without compensation to Plaintiffs greatly impairs the market value of the Works since others competing with that business, or in related business areas, will not want to obtain a license to Plaintiff's work if it is already associated with a competing media outlet. (Carlsen Decl. ¶ 28).   Similarly, potential licensees of Plaintiff's copyrighted photographs will not want to pay my license fees if they see other commercial editorial enterprises taking and using the Works for their own commercial purposes without paying any fee at all. (*Id*.) Gunaxin also published and allowed for distributed of the Works without the attribution. As a result, the Works were disseminated throughout the internet without any way to direct it back to Plaintiffs, potentially leading to more infringement in the future and destroying the commercial value of the Works.  (*Id*.)

Plaintiffs' estimate the actual lost fair market value due to Gunaxin's conduct to be $12,500 per photograph, after considering a scarcity multiplier of 5 to the licensing fees of $2,500 per photograph, totaling $237,500 for 19 photographs. (Carlsen Decl. ¶ 28).   The following is break down off actual damages by Plaintiff:

- Lickerish and Wurth: One (1) Image (Image No. 1): $12,500.00
- Lickerish and Dorsey: Five (5) Images (Image Nos. 2-6): $62,500.00

- Lickerish and Ramsey: One (1) Image (Image No. 7): $12,500.00

- Lickerish and Wright: Eleven (11) Images (Image Nos. 8-18): $137,500.00

- Lickerish and Camden: One (1) Image (Image No. 19): $12,500.00

### B. *Plaintiffs Camden and Lane are Entitled to Statutory Damages of $300,000.00 for 10 Works Infringed by Gunaxin.*

The Copyright Act provides that a plaintiff may seek statutory damages not less than $750 or more than $30,000 in an amount the Court deems just. See 17 U.S.C. § 504(c)(1). District courts hold "wide discretion" in setting the amount of statutory damages under the Copyright Act. 17 U.S.C. § 504(c). Although the Fourth Circuit has not specifically described how the statutory damages should be determined, the Second Circuit has provided guidance regarding factors to be considered, as follows:

(1) the infringer's state of mind;

(2) the expenses saved, and profits earned, by the infringer;

(3) the revenue lost by the copyright holder;

(4) the deterrent effect on the infringer and third parties;

(5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and

(6) the conduct and attitude of the parties.

See *Oppenheimer v. Holt*, 2015 U.S. Dist. LEXIS 58207, *4-5 (W.D.N.C 2015)(citing *Bryant v. Media Right Prods., Inc*., 603 F.3d 135, 144 (2d Cir. 2010). In lieu of the Default, Defendant's failure to participate leaves substantial questions as to factors one and two.

Plaintiffs, Camden and Lane are seeking a statutory damages of $30,000 per image with regard to the 10 Works which were registered in 2012 (Image Nos. 20-29), for a total of $300.000. The majority of the content on the Infringing Website featuring the Works was not

dated, and absent participation by Gunaxin, and discovery, the initial dates of the infringing publication cannot all be ascertained by Plaintiffs. However, one image of Mila Kunis (Image No. 22) displays an upload date on the infringing screenshot, indicating that Gunaxin infringed at least one image, image No. 22, as of March 4, 2013, well after its registration. Image No. 22 was registered on June 28, 2012. Due to the inability to ascertain publication dates due to Gunaxin's failure to participate, Plaintiffs request an inference in its favor, and that the additional nine (9) images registered in 2012 be entitled to statutory damages.

Courts in this district have found the maximum statutory damage award of $150,000 justified "[t]o sanction [Defendants] for their willful infringement, and to deter them and others from future infringing behavior, the undersigned recommends granting Plaintiff's request for the maximum statutory damages of $150,000." *Wilson v. Nat'l Bikers Roundup Inc.*, 2018 U.S. Dist. LEXIS 36551, *12 (Dist. S.C. 2018) (citing *Getty Images (US), Inc. v. Virtual Clinics, No.* C13-0626JLR, 2014 U.S. Dist. LEXIS 37611, 2014 WL 1116775 (W.D. Wash. Mar. 20, 2014) (awarding maximum statutory damages for the willful infringement of two photographs); *Teri Woods Publ'g, L.L.C. v. Williams,* No. 12-4854, 2013 U.S. Dist. LEXIS 167759, 2013 WL 6179182 (E.D. Pa. Nov. 25, 2013) (awarding maximum statutory damages for infringement of a literary work); *Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505, 511 (E.D.Va.2003) (finding maximum statutory damages appropriate for willful infringement of test forms)).

A finding of willful copyright infringement can be "based on either 'intentional' behavior, or merely 'reckless' behavior." See for example, *Barboza v. New Form, Inc.*, 545 F.3d 702, 708 (9th Cir. 2008). As set forth above and as shown clearly in the Complaint, Defendant reproduced and publicly displayed the Copyrighted Works on its website. Furthermore, after

Plaintiffs' attorney sent a demand letter, it appears that the infringing version of the Copyrighted Works were removed from display on the Defendant's website and Defendant has refused to pay any compensation for its unauthorized use of the Copyrighted Works for its own commercial benefit. (Complaint, ¶ 27.)  Under these circumstances, there can be no doubt that Defendant was aware that it did not own the copyright in the photographs, and further that it was not authorized by Plaintiffs to display, distribute, or otherwise use the Copyrighted Works.  Such knowledge clearly indicates intentional or reckless infringement.

Moreover, Defendant's decision not to defend against Plaintiffs' claim demonstrates that its conduct was willful. See for example *Autodesk, Inc. v. Flores*, 2011 U .S. Dist. LEXIS 11687 *22 (N.D. Cal. 2011)("Willfulness may also be inferred or admitted based on a defendant's failure to defend.").  Where a defendant has defaulted, it is not necessary for the Plaintiffs to "prove-up" willfulness in order to obtain the maximum amount of statutory damages; so long as the Plaintiffs has pled that the defendant's acts of infringement were willful, the Court's default judgment will include an implied finding of willfulness sufficient to warrant the full $150,000 in statutory damages. See for example, *Aries Music Entm't, Inc. v. Angelica's Record Distribs*, 506 Fed. Appx. 550, 552 (9th Cir. 2013).

Here, despite, establishing willfulness, Defendant elects to not seek the maximum for willful, but merely the maximum of $30,000 per work for non-willfull infringement, as an approximate three times (3x) multiplier of the actual fair market value harm of $12,500 per work. (Carlsen Decl. ¶ 31.)

Plaintiffs' request for $30.000.00 in statutory damages per work is reasonable, given the valuable license fees Plaintiffs has lost based on Defendant's infringing reproductions of Plaintiffs' Copyrighted Works.  Plaintiffs are experienced and world-renowned photographers

who have a history of licensing similar copyrighted images for fees that justify an expectation that he would have charged and received at least a $2,500.00 license fee per photograph for a five-year license to each of the Copyrighted Works, had Defendant requested such a license rather than appropriating the Copyrighted Works for its own commercial use without permission. (Carlsen Decl. ¶ 27). A copyright statutory damage award of three-five times the lost fair market value ($12,500) is a reasonable damage amount, here defendant seems less than three times the estimated fair market value loss of $12,500. See *Nat'l Photo Grp., LLC v. Pier Corp., 2014 U.S. Dist. LEXIS 195663* at *9(C.D. Cal. 2014). Infringements such as Defendant's negatively impact Plaintiffs' market for his photographs. Defendant's intentional default has deprived Plaintiffs of an ability to take discovery of the actual revenue earned by Defendant as a result of its infringing conduct, essentially depriving Plaintiffs of an ability to accurately quantify and recover his actual damages and the profits to be disgorged under 17 U.S.C. § 504(b). In these circumstances, an award of statutory damages under 17 U.S.C. § 504(c)(2) is appropriate to accomplish full compensation to the Plaintiffs for the damages suffered and to create a disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages.

Plaintiffs' request statutory damages of $30,000 per photograph, after considering a scarcity multiplier of 5 to the licensing fees of $2,500 per photograph, totaling $300,000.00 for ten (10) photographs. (Carlsen Decl. ¶¶ 28-31). The following is break down of Statutory damages by Plaintiff:

- Lickerish and Camden: Four (4) Images (Image Nos. 20, 21, 23, and 24): $120,000
- Lickerish and Lane: Six (6) Images (Image Nos. 22, and 25-29): $180,000

### 3. PLAINTIFFS IS ENTITLED TO RECOVER COSTS AND ATTORNEYS' FEES

Under 17 U.S.C. § 505, the Court, in its discretion, "may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs."  See also, *Malibu Media, LLC v. Bakshi*, 2015 U.S. Dist. LEXIS 194156, *10 (E.D. Va. 2015). Because default has been entered against Defendant, and Plaintiffs' claim of copyright infringement is plainly accurate and uncontroverted, there can be no dispute that Plaintiffs is the prevailing party under 17 U.S.C. § 505 and 1302(b)(5).  When awarding fees and costs under the Copyright Act, "[d]istrict courts should consider, among other things, 'the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence.'"). *Historical Research v. Cabral*, 80 F.3d 377, 379 (9th Cir. 1996) (quoting *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)).  In light of the egregious nature of Defendant's willful infringement and Defendant's refusal to litigate, an award for Plaintiffs' fees and costs associated with this litigation is appropriate. *See Microsoft v, Rciketts*, 2007 U.S. Dist. LEXIS 40898 at *13 (N.D. Cal. 2007) ("Defendant has failed to appear in this action, and the amount of attorney's fees and costs asked for by Plaintiffs seems reasonable under the circumstances

In this case, Plaintiffs' request an award of $5,610.00 to cover reasonable attorneys' fees and incurred costs of $712.66. (*See* Rothman Decl., ¶¶ 6-11, Ex. B).

4. **PLAINTIFFS IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF**

Pursuant to 17 U.S.C. § 502, this Court has the authority to grant permanent injunctive relief , an d"[W]hen a claim of copyright infringement has been proven, a permanent injunction prohibiting further infringements is appropriate and routinely entered." *Wilson v. Nat'l Bikers Roundup Inc.*, 2018 U.S. Dist. LEXIS 36551, *12-13 (Dist. SC 2018)(quoting *M.L.E. Music v.*

14

*Kimble, Inc.,* 109 F. Supp. 2d 469, 472-73 (S.D.W.Va. 2000).  Here, Defendant may again willfully infringe Plaintiffs' Copyrighted Works, including by displaying and distributing it on Defendant's website.  Defendant's conduct leading to, and throughout, this lawsuit demonstrates that, without a permanent injunction, it may well continue to or again willfully infringe Plaintiffs' copyright.

## V.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully requests that the Court enter a default judgment against Defendant and in favor of all Plaintiffs awarding statutory damages in the amount of $300,000 and actual damages of $237,500, attorneys' fees in the amount of $5,610.00, and costs in the amount of $712.66 for a total default judgment in amount of $543,822.66.

Date: April 19, 2019                                          Respectfully Submitted,

*/s/Joel B. Rothman*
JOEL B. ROTHMAN
*Admitted Pro Hac Vice*
joel.rothman@sriplaw.com
**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

ERIC N. STRAVITZ
Bar Number: 23610
eric@stravitzlawfirm.com
**STRAVITZ LAW FIRM, PC**
4300 Forbes Boulevard, Suite 100
Lanham, MD  20706
240.467.5741 – Telephone
240.467.5743 – Facsimile

*Attorneys for Plaintiffs*