UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P: (410) 962-4953 | F: (410) 962-2985**
**mdd_jmcchambers@mdd.uscourts.gov**

July 11, 2023

LETTER ORDER AND OPINION TO COUNSEL

RE:   *Lickerish, Ltd. v. Gunaxin Media, LLC*
      Civil No. 1:18-cv-03462-GLR

Dear Counsel:

On July 10, 2023, Judge Russell referred this case to the undersigned specifically for resolution of Plaintiffs' pending June 13, 2023 Motion for an Order to Show Cause Why Defendant's Officer Philip Van Der Vossen Should Not Be Held in Contempt for Failure to Obey the Court Order Compelling Him to Answer Written Interrogatories (ECF No. 28). The Motion is not fully briefed; Mr. Van der Vossen attempted to file an opposition (ECF No. 29), but the Court returned that filing because Mr. Van der Vossen is not an attorney and is therefore prohibited from representing Defendant Gunaxin Media, LLC under Loc. R. 101 (a) (D. Md. 2023).[1] The undersigned has reviewed the history of this case dating back to 2018, and the undersigned shall deny this Motion for the reasons more fully explained below.

   **A. Factual Background**

On November 8, 2018, Plaintiffs brought this action "for violations of their exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy, display and distribute Plaintiffs' original copyright works of authorship." (ECF No. 1 at p. 1, ¶ 1).[2] On May 7, 2019, Judge Russell entered default judgment in favor of Plaintiffs and against Defendant. (ECF No. 22). Specifically, Judge Russell found that "Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered works[.]" *Id.* at p. 1.

Approximately four years after Judge Russell entered default judgment against Defendant, Plaintiffs filed a March 9, 2023 Motion for Court to: (1) Compel Defendant and Philip Van Der Vossen to Answer Written Interrogatories and (2) Deem the Requests for Admission Admitted (ECF No. 24). That motion indicated (1) that Mr. Van der Vossen is the sole member and registered agent of Defendant, (2) Plaintiffs' counsel sent Defendant interrogatories and requests for admissions ("RFAs" on December 30, 2022), and (3) those same interrogatories were served on Mr. Van der Vossen pursuant to Fed. R. Civ. P. 33 and 45. (ECF No. 24-1 at p. 2). Mr. Van der Vossen did not respond to those discovery requests on behalf of Defendant, but Mr. Van der

---

[1] In addition to returning Mr. Van der Vossen's attempted opposition regarding the Motion now under consideration, the Court previously returned two other filings from Mr. Van der Vossen because "[b]usiness entities other than sole proprietorships must be represented by counsel." (ECF Nos. 25 & 27).

[2] When the undersigned cites to a specific page number or range of page numbers, the undersigned is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

Vossen did send Plaintiffs' counsel a check for $46.32—Defendant's remaining assets—as an offer to resolve the money judgment. (ECF No. 24-5 at p. 2). Mr. Van der Vossen's offer further indicated that Defendant was dissolved as of December 19, 2022. *Id.* Plaintiffs rejected Mr. Van der Vossen's offer.[3] (ECF No. 24-1 at p. 3).

On April 5, 2023, Judge Russell granted in part and denied in part Plaintiffs' March 3, 2023 motion. (ECF No. 26). Judge Russell recognized that "Plaintiffs . . . seek discovery to aid in obtaining the money judgment. . . . Specifically, Plaintiffs seek to compel [Defendant], *through its officer*, Philip Van der Vossen, to answer interrogatories and for the Court to deem the [RFAs] admitted." *Id.* at p. 1 (emphasis added). Judge Russell found that "[t]he discovery requests are proper under Federal Rule 69(a)(2), and Plaintiffs properly served Van der Vossen as [Defendant's] officer." *Id.* at p. 2. Accordingly, Judge Russell deemed Plaintiffs' RFAs admitted by Defendant, and he ordered Mr. Van der Vossen to answer the interrogatories on behalf of Defendant in compliance with the Federal and Local Rules. *Id.*

Regarding the Motion presently before the Court, Plaintiffs seek for the Court to order Mr. Van der Vossen to show cause as to why he personally should "not be held in contempt for his failure to obey this Court's order [(ECF No. 26)] compelling him to answer written interrogatories." (ECF No. 28 at p. 1). Although Mr. Van der Vossen answered the interrogatories on behalf of Defendant on May 3, 2023, Plaintiffs believe these answers were incomplete to the extent that Mr. Van der Vossen did not "provide his [personal] tax returns for the last four years." (ECF No. 28-2 at p. 3). This issue concerns interrogatory No. 10:

> IDENTIFY and attach to your answers, copies of the following documents for the last four years:
>
> a. The articles of organization and operating agreement.
> b. annual:
>    i. Federal and state tax returns.
>    ii. Profit and loss statements.
>    iii. Balance sheets.
>    iv. Inventory lists[.]

(ECF No. 24-4 at p. 6). Rather than provide Defendant's tax returns, Mr. Van der Vossen stated, "N/A – Single Member LLC classified as disregard entity." (ECF No. 28-4 at p. 6). On May 23, 2023, Plaintiffs' counsel emailed Mr. Van der Vossen "requesting that he send his personal tax returns since he classified [Defendant] as a disregarded entity." (ECF No. 28-1 at p. 2). On May 31, 2023, Mr. Van der Vossen replied to Plaintiffs' counsel and indicated his belief that Plaintiffs were not entitled to his personal tax returns. *Id.* That same day Plaintiffs' counsel reiterated its position to Mr. Van der Vossen, and Mr. Van der Vossen again reiterated his belief that he does not have to disclose his personal tax returns. *Id.* at pp. 2–3. Thereafter, Plaintiffs filed the pending Motion.

---

[3] Notably, the total default judgment entered against Defendant amounts to $543,822.66, inclusive of costs and attorney's fees. (ECF No. 22).

### B. Analysis

Plaintiffs argue that "[t]he factual record shows that Philip Van der Vossen is knowingly violating the Court's order of April 5, 2023[,] compelling him to answer the written interrogatories." *Id.* at p. 4.  To support this argument, Plaintiffs rely on the fact that "despite being informed [by Plaintiffs] that since Philip Van der Vossen treated the LLC as a pass-through entity and did not file a separate tax return he would need to disclose his personal taxes for the past four years, he still refuses to disclose these document in compliance with this Court's Order." *Id.*  Furthermore, to buttress their position that Mr. Van der Vossen must disclose his own personal tax returns, Plaintiffs claim that "since [Mr.] Van der Vossen was also served the interrogatories per Rule 45 he had to disclose his personal tax returns." *Id.*

Plaintiffs claim that "[t]his [C]ourt's order of April 5, 2023 [(ECF No. 26)] compelling Defendant and Defendant's officer Philip Van der Vossen to submit answers to the written interrogatories was clear, definite and unambiguous." *Id.*  The undersigned agrees with that description, but the undersigned disagrees with how Plaintiffs construe Judge Russell's prior clear, definite, and unambiguous ruling.  As stated above, Judge Russell noted that Plaintiffs sought to compel Mr. Van der Vossen to answer the interrogatories on behalf of Defendant, not on behalf of himself.  Although Plaintiffs served the interrogatories on Mr. Van der Vossen pursuant to Fed. R. Civ. P. 45, it is apparent that they served him in his capacity as Defendant's corporate representative.  In that capacity, Mr. Van der Vossen complied with Judge Russell's April 5, 2023 order and answered the interrogatories.  Plaintiffs' attempt to modify the interrogatories *via* an email to a non-represented third party—regardless of that third parties' relationship with Defendant—does not change the fact that the interrogatories were answered in accordance with Judge Russell's prior order.  As such, the undersigned must deny Plaintiffs' Motion.

### C. Conclusion

As indicated above, Mr. Van der Vossen complied with Judge Russell's order to answer Plaintiffs' interrogatories on behalf of Defendant.  Accordingly, Plaintiffs' Motion is hereby denied.[4]  However, the undersigned denies this Motion without considering whether Plaintiffs have avenues through which they can pursue Mr. Van der Vossen as personally liable for the judgment entered against Defendant and/or pursue discovery personally from him.[5]

Despite its informal nature, this Letter Order and Opinion is a formal Opinion and Order of the Court.

---

[4] Where the magistrate judge presides over a civil case without the consent of the parties, such as by discovery referral from a district judge, the magistrate judge does not have the authority to enter civil contempt, but must instead "certify the facts to a district judge" and serve an order requiring the named party "to appear before a district judge upon a day certain to show cause why that person shall not be adjudged in contempt by reason of the facts so certified."  28 U.S.C. § 636(e)(6)(B)(iii).  Because the undersigned disagrees that Judge Russell's prior order was disregarded, such a certification and subsequent hearing are premature.

[5] In a filing returned to Mr. Van der Vossen, he indicated that "opposing counsel has also informed me that they intend to file a motion to amend the judgment to include me personally on the judgement . . . ."  (ECF No. 27-1 at p. 1).

                                                Sincerely yours,

                                                _____/s/_____

                                                J. Mark Coulson
                                                United States Magistrate Judge

CC: The Honorable George L. Russell III